897 F.2d 539
 11 ITRD 2455
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
CHERRY LANE FASHION GROUP, INC., Plaintiff-Appellant,
v.
UNITED STATES, Defendants-Appellees.
 No. 89-1527.
 United States Court of Appeals, Federal Circuit.
 Feb. 20, 1990.
 
 Before RICH and NIES, Circuit Judges, and EDWARD S. SMITH, Senior Circuit Judge.
 NIES, Circuit Judge.
 
 
 1
 Appellant, Cherry Lane Fashion Group, Inc., appeals the decision by the Court of International Trade, Cherry Lane Fashion Group, Inc. v. United States, No. 88-08-00668, slip op. 89-44 (April 6, 1989) (DiCarlo, J.) dismissing its case on the grounds that the court lacks subject matter jurisdiction, and that, alternatively, there no longer exists a case or controversy. We affirm the judgment dismissing the complaint but for different reasons.
 
 OPINION
 
 2
 Appellant, who has the burden on appeal to convince us of reversible error in the trial court's judgment, has failed to meet that burden.
 
 
 3
 With respect to jurisdiction, appellant argues that the trial court was legally wrong in holding that there was no "deemed denial" of a protest relating to the exclusion of merchandise after the 30-day period provided in 19 C.F.R. Sec. 174.21(b) (1988), and, thus, no jurisdiction under 28 U.S.C. Sec. 1581(a) (1982). As indicated at oral argument, this court has serious questions whether appellant's protest to a detention of goods falls within the cited statutory and regulatory provisions relating to a protest to the exclusion of goods. See K Mart Corp. v. Cartier, Inc., 485 U.S. 176, 190 (1988). Indeed, it may be that detention is not a protestable action.[1] Moreover, appellant's argument that this case necessarily falls within the court's residual jurisdiction under 28 U.S.C. Sec. 1581(i) (1982), if it does not fit within 28 U.S.C. Sec. 1581(a), is based on an incorrect premise. It is clearly not the law, as appellant would have it, that the Court of International Trade has exclusive jurisdiction over all disputes arising out of the laws of international trade. See K Mart Corp. v. Cartier, 485 U.S. at 187-90.
 
 
 4
 With respect to mootness, appellant argues that "issues" remain despite the release of its goods. The thrust of the complaint apparently was that no quota requirements applied to the goods and, thus, the goods should be allowed entry.[2] We are told that Customs made its decision that the goods were not subject to the Hong Kong quota shortly before the complaint was filed and that the goods were actually allowed into the United States two days after the complaint was filed. Thus, without question, any request for release from detention was mooted. To the extent appellant seeks a declaration that the detention was unlawful, we are unpersuaded that appellant has made out a continuing case of actual controversy as required for declaratory relief. See Local No. 8-6, Oil, Chemical and Atomic Workers Int'l Union v. Missouri, 361 U.S. 363 (1960); Harris v. Battle, 348 U.S. 803 (1954); United States v. W.T. Grant Co., 345 U.S. 629 (1953); Commercial Cable Co. v. Burleson, 250 U.S. 360 (1919); see also Super Tire Eng'g Co. v. McCorkle, 416 U.S. 115, 122-125 (1974) (explaining mootness in Harris and Oil Workers Union as arising from dual contingencies required for recurrence of the challenged activity).
 
 
 5
 In view of the above considerations, we affirm the judgment dismissing the complaint. However, we do not endorse the Court of International Trade's analysis of the jurisdictional issue under 28 U.S.C. Sec. 1581(a).
 
 
 
 [1]
 The government suggests that mandamus would be the appropriate remedy for a lengthy detention of goods
 
 
 [2]
 Appellant supplied no copy of the complaint itself and did not direct its argument to the particular counts therein, as would be appropriate